IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TAYR KILAAB al GHASHIYAH (KHAN),

                Petitioner,                      ORDER

      v.                                              08-cv-413-slc

PETER HUIBREGTSE, Warden,
Wisconsin Secure Program Facility,

                Respondent.

---

      Tayr Kilaab al Ghashiyah (Khan), an inmate at the Wisconsin Secure Program Facility in Boscobel, Wisconsin, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. I have granted his application for leave to proceed *in forma pauperis* in a separate order. The petition is before me pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

      Petitioner alleges that the Wisconsin Department of Corrections has unlawfully extended his sentence beyond his mandatory release date by knowingly relying on inaccurate conduct reports as a basis for denying petitioner's release on parole. Even assuming petitioner's allegations are sufficient to state a cognizable constitutional claim and that habeas corpus is the proper remedy, the petition must be dismissed. Before seeking a writ of habeas corpus in federal court, a petitioner must first exhaust any state court remedies that are available to him in state court. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel,

526 U.S. 838, 845 (1999); Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004).  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).  Although petitioner has alleged that he has filed numerous administrative complaints and grievances, he does not allege that he has requested the state courts to review the administrative denial of any of his complaints or any adverse decisions by the parole commission.  In Wisconsin, a state prisoner may obtain judicial review of an adverse decision of the parole board or disciplinary committee by filing a petition for a writ of certiorari in the state circuit court.  Wis. Stat. § 302.11(1g)(d) (prisoner may seek review of parole board decision denying presumptive release on parole by filing petition for writ of certiorari); State ex rel. Ortega v. McCaughtry, 221 Wis. 2d 376, 585 N.W. 2d 640 (Ct. App. 1998) (certiorari review of warden's order affirming decision of prison disciplinary committee).  Petitioner must seek such review in state court before this court may review his claims.

Accordingly, because it plainly appears from the petition that petitioner has failed to exhaust his state court remedies, his petition must be dismissed without prejudice.

ORDER

IT IS ORDERED that the petition of Tayr Kilaab al Ghashiyah (Khan) for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE for his failure to exhaust his state court remedies.

Entered this 19th day of August, 2008.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge